1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD O'NEAL DEAN,                                    No. C 11-01098 SBA (PR)

          Plaintiff,

      v.                                                      **ORDER OF SERVICE**

OFFICER DAVID HALL, et al.,

          Defendants.

_____/

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison for a conviction unrelated to the instant matter,[1] has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 in order to recover damages stemming from an incident on October 21, 2005.[2]  His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to Plaintiff's claims are alleged to have occurred in Contra Costa County, which is located in this judicial district.  See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: "Contra Costa County Superior Court, Martinez;" Pittsburg Police Officer David Hall, and "Tim Allen."  Plaintiff seeks monetary damages in the amount of $100,000.

## BACKGROUND

In his complaint, Plaintiff alleges that on October 21, 2005, he was stopped by Defendant Hall, who belonged to the "J-Team" of the Pittsburg Police Department.  (Compl. at 3.)  Plaintiff claims that Defendant Hall "stated that he recognized driver as a parolee."  (Id.)  However, Plaintiff claims that, at that time, he was "not on parole or probation."  (Id.)  Plaintiff alleges that Defendant

---

[1]  Attached to the complaint is a state habeas petition dated on November 2, 2010 and filed in the state superior court, which indicates that Plaintiff was serving a three-and-a-half-year sentence for "Domestic Violence - Spousal Battery."  (Compl. at 7.)

[2]  Plaintiff's complaint indicates that the incident at issue occurred on "October 5, 2010;" however, the attached state habeas petition indicates that it occurred on "October 21, 2005."  Based on the other background information alleged in the complaint, the Court assumes that Plaintiff made a typographical error on his complaint; therefore, "October 21, 2005" will be considered the correct date.

United States District Court
For the Northern District of California

Hall "ran the license plate of [Plaintiff's] 1991 OLDS SILOHUTTE [sic] van 3LMZ051, and it came back unregistered." (Id.)  Plaintiff claims that his "family van had a Tempary [sic] sticker;" however, he does not elaborate on what that means.  (Id.)  Plaintiff also claims that Defendant Hall "searched [his] van and [his] person" without his consent.  (Id.)  Plaintiff claims that Defendant Hall took him into custody for the "possession for use and for sale of [the] drug 'Rock' cocaine." (Id. at 5.)[3]

Plaintiff claims that, as a result of the alleged illegal search and seizure, his "van was towed and held for 30 days," and that he had to pay a total of $5,500 to a bail bondsman.  (Id. at 5, 10.)

Apparently, Plaintiff was eventually convicted of this drug charge; however, he does not elaborate on this.  Plaintiff does allege that he appealed his conviction, and also alleges that on April 20, 2009, the Contra Costa County Superior Court dismissed his case, stating:

The Court of Appeal reversed the judgment in this case, holding that the motion under Penal Code Section 1538.5[4] should have been granted, and all evidence seized in the search of the van in this case suppressed.  The District Attorney, after evaluating the evidence, has concluded that it cannot proceed in this case without the suppressed evidence.  Accordingly, the case is dismissed.  Copies of this order shall be sent to the Department of Corrections and the Department of Justice, so that the defendant's record of conviction in this case can be expunged.

(Id. at 6, 9 (footnote added).)

Plaintiff alleges that Defendant Hall's actions caused him "a three year separation[5] from [his] wife and family," "a lot of Emotional Distress [due to] being away from [his] wife and family," "mental anguish," and "just total Disstrot. [sic]."  (Id. at 5.)

**DISCUSSION**

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

---

[3]  Plaintiff's eleven-page complaint is only numbered until page 4; therefore, the Court has numbered the remaining pages as pages 5 through 11.

[4]  California Penal Code § 1538.5 deals with suppression motions and provides an opportunity for full litigation of any Fourth Amendment claim.  See Terrovona v. Kincheloe, 912 F.2d 1176, 1178-79 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991).

[5]  While Plaintiff indicates that he suffered a separation of three years from his family, his complaint does not clearly indicate the duration of his sentence for the aforementioned drug conviction.

2

United States District Court

For the Northern District of California

1   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

2   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

3   are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

4   relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings

5   must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

6          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

7   (1) that a right secured by the Constitution or laws of the United States was violated, and

8   (2) that the alleged violation was committed by a person acting under the color of state law.  West v.

9   Atkins, 487 U.S. 42, 48 (1988).

10  **II.     Heck v. Humphrey**

11         When a state prisoner seeks damages in a § 1983 suit, the district court must consider

12  whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

13  or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that

14  the conviction or sentence has already been invalidated.  Heck v. Humphrey, 512 U.S. 477, 487

15  (1994).  In order to recover damages for an alleged unconstitutional conviction or imprisonment, or

16  for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

17  a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

18  expunged by executive order, declared invalid by a state tribunal authorized to make such

19  determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Id. at

20  486-487.  A claim for damages bearing that relationship to a conviction or sentence that has not

21  been so invalidated is not cognizable under § 1983.  Id. at 487.  Similarly, an action under 42 U.S.C.

22  § 1983 seeking damages for an alleged illegal search and seizure upon which criminal charges are

23  based is barred by Heck until criminal charges have been dismissed or the conviction has been

24  overturned.  Harvey v. Waldron, 210 F.3d 1008, 1015-16 (9th Cir. 2000) (claim that gaming devices

25  had been unlawfully searched for and seized under the Fourth Amendment barred by Heck until

26  charges for illegal possession of gaming devices were dismissed).  Further, in order to maintain an

27  action for compensatory damages, the plaintiff must allege an actual, compensable injury separate

28  from the injury of being convicted and imprisoned.  Heck, 512 U.S. at 487 n.7.

**United States District Court**
For the Northern District of California

1    In the instant case, Plaintiff's claims are not barred by <u>Heck</u> because the judgment was

2    reversed by the state appellate court and all charges were dismissed because, as explained above, the

3    State decided not to proceed without the suppressed evidence.  <u>Heck</u>, 512 U.S. 477, 487.

4    Additionally, Plaintiff's has alleged actual, compensable injury separate from the injury of being

5    convicted and imprisoned.  <u>Heck</u>, 512 U.S. at 487 n.7.  Therefore, Plaintiff's claims are not barred

6    pursuant to <u>Heck</u>.

7    **III.    Plaintiff's Claims**

8         **A.    Fourth Amendment Claim - Illegal Search and Seizure**

9         The Fourth Amendment proscribes "unreasonable searches and seizures."  U.S. Const.

10   amend. IV; <u>Allen v. City of Portland</u>, 73 F.3d 232, 235 (9th Cir. 1995); <u>Franklin v. Foxworth</u>, 31

11   F.3d 873, 875 (9th Cir. 1994).  The ultimate test of reasonableness requires the court to balance the

12   governmental interest that justifies the intrusion and the level of intrusion into the privacy of the

13   individual.  <u>Easyriders Freedom F.I.G.H.T. v. Hannigan</u>, 92 F.3d 1486, 1496 (9th Cir. 1996).  State

14   law is irrelevant in this calculus.  <u>See</u> <u>Virginia v. Moore</u>, 553 U.S. 164, 172 (2008) (no Fourth

15   Amendment violation where arrest was based on probable cause, but state law called for issuance of

16   a citation rather than arresting the suspect).

17        The existence of probable cause is a major factor in determining the reasonableness of a

18   search or seizure.  <u>See</u> <u>Allen</u>, 73 F.3d at 235 (warrantless arrest); <u>United States v. Dunn</u>, 935 F.2d

19   1053, 1057 (9th Cir.) (warrantless search of automobile), <u>cert. denied</u>, 502 U.S. 950 (1991).

20   Probable cause means "more than a bare suspicion; it exists when the officer's knowledge of

21   reasonably trustworthy information is sufficient to warrant a prudent person to believe that an

22   offense has been or is being committed."  <u>Graves v. City of Coeur D'Alene</u>, 339 F.3d 828, 841 (9th

23   Cir. 2003) (citing <u>Brinegar v. United States</u>, 338 U.S. 160, 175-76 (1949)).  Probable cause also

24   exists when the facts available to the officer would "warrant a man of reasonable caution in the

25   belief . . . that certain items may be contraband or stolen property or useful as evidence of a crime;"

26   it does not demand any showing that such a belief be correct or more likely true than false.  <u>Dunn</u>,

27   935 F.2d at 1057 (quoting <u>Texas v. Brown</u>, 460 U.S. 730, 742 (1983)) (internal citation and

28   quotation marks omitted).  Sufficient probability, not certainty, is the touchstone of reasonableness

under the Fourth Amendment.  <u>Illinois v. Rodriguez,</u> 497 U.S. 177, 185 (1990) (search warrant).

### 1.   <u>Defendant Hall</u>

Plaintiff alleges that on October 21, 2005, he was subjected to an illegal search by Defendant Hall.  In the section of the complaint form where Plaintiff sets forth his allegations of illegal search and seizure, Plaintiff identifies David Hall as being present and participating in the illegal search. Plaintiff's allegations that he was not, at the time, on parole or probation, that his "Family Van had a Tempary [sic] sticker," and that Plaintiff affirmatively told Defendant Hall he did not consent to a search, raise issues regarding the reasonableness of Defendant Hall's search of Plaintiff's vehicle, as well as whether Defendant Hall had probable cause to search Plaintiff's vehicle.  Therefore, liberally construed, Plaintiff's complaint states a cognizable Fourth Amendment claim against Defendant Hall.

### 2.   <u>Defendant Allen</u>

Plaintiff also names "Tim Allen" as a Defendant in this action.  Defendant Allen is not linked specifically to the allegations in the body of the complaint, however.

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  <u>See</u> <u>Leer</u>, 844 F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  <u>See</u> <u>id.</u>  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  <u>Id.</u> at 634.

Because Plaintiff has not linked Defendant Allen to his Fourth Amendment claim, his claim against this Defendant is DISMISSED with leave to amend to cure this pleading deficiency by filing an amendment to the complaint, as explained below.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.     Claim Against Superior Court Judges**

In the caption of his complaint, Plaintiff lists "Contra Costa County Superior Court, Martinez" as a Defendant in this action.  (Compl. at 1.)  Plaintiff does not list this Defendant in the section of the complaint directing Plaintif to "write the full name of each defendant . . . ."  (Id. at 2.)  The Court construes Plaintiff's claim to be against the state superior court judge in the Contra Costa County Superior Court who was involved in the original conviction stemming from the October 21, 2005 incident for allegedly violating his constitutional rights.  (Id. at 4.)

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity.  See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. 1983).  Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Accordingly, Plaintiff's claim involving monetary damages against "Contra Costa County Superior Court, Martinez" is DISMISSED.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff states a cognizable Fourth Amendment claim of an illegal search and seizure against Defendants Hall.

2.     Plaintiff's claim against Defendant Allen is DISMISSED with leave to amend.  If Plaintiff intends to pursue a claim against this Defendant, he may amend his claim to link this Defendant, as directed above.

Within **thirty (30) days** of the date of this Order Plaintiff may file an amended claim against Defendant Allen as set forth above in Sections III(A)(2) of this Order.  (Plaintiff shall resubmit only his claim against Defendant Allen and not the entire complaint.)  The failure to do so will result in the dismissal without prejudice of all claims against Defendant Allen.

3.     Plaintiff's claim involving monetary damages against "Contra Costa County Superior Court, Martinez" is DISMISSED.

4.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and

all attachments thereto (docket no. 1) and a copy of this Order to **Pittsburg Police Officer David Hall**.  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the Pittsburg City Attorney's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5.     Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6.     Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.     No later than **ninety (90) days** from the date their answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendant's motion

*United States District Court*
For the Northern District of California

7

is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs

facing a summary judgment motion:

> The defendant has made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendant's dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

> c.      Defendant shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

> d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose

1    Plaintiff and any other necessary witnesses confined in prison.

2         8.     All communications by Plaintiff with the Court must be served on Defendant, or

3    Defendant's counsel once counsel has been designated, by mailing a true copy of the document to

4    Defendant or Defendant's counsel.

5         9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

6    informed of any change of address and must comply with the Court's orders in a timely fashion.

7         10.    Extensions of time are not favored, though reasonable extensions will be granted.

8    Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the

9    deadline sought to be extended.

10        IT IS SO ORDERED.

11

12   DATED:   10/28/11

        SAUNDRA BROWN ARMSTRONG
13      United States District Judge

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1

2     UNITED STATES DISTRICT COURT
      FOR THE
3     NORTHERN DISTRICT OF CALIFORNIA

4     RICHARD ONEAL DEAN,
                                              Case Number: CV11-01098 SBA
5                 Plaintiff,
                                              **CERTIFICATE OF SERVICE**
6        v.

7     CONTRA COSTA COUNTY SUPERIOR
      COURT et al,
8
                  Defendant.
9     _____/

10

11    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
      Court, Northern District of California.

12    That on October 31, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
      copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
13    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
      located in the Clerk's office.

14

15

16    Richard Oneal Dean AD5548
      California State Prison - San  Quentin
17    San Quentin,  CA 94974

18    Dated: October 31, 2011

19                                            Richard W. Wieking, Clerk
                                              By: LISA R CLARK, Deputy Clerk
20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\CR.11\Dean1098.Service.wpd            10