IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD O'NEAL DEAN,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER DAVID HALL, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-01098 SBA (PR)<br><br>**ORDER REVIEWING AMENDMENT TO COMPLAINT; AND REQUIRING SERVICE ON DEFENDANT TIM ALLEN** |

Plaintiff, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 in order to recover damages stemming from an alleged illegal search and seizure on October 21, 2005. His motion for leave to proceed in forma pauperis has been granted.

In his complaint, Plaintiff named the following Defendants: Contra Costa Sheriff's Deputies David Hall and Tim Allen. Plaintiff is seeking monetary damages in the amount of $100,000.

In its Order dated October 28, 2011, the Court found that Plaintiff's allegations that he was not on parole or probation at the time of the incident, that his "Family Van had a Tempary [sic] sticker," and that he affirmatively told Defendant Hall he did not consent to a search, raised issues regarding the reasonableness of Defendant Hall's search of Plaintiff's vehicle as well as whether Defendant Hall had probable cause to search the vehicle. The Court found that Plaintiff stated a cognizable Fourth Amendment claim of an illegal search and seizure against Defendant Hall. However, the Court found that Plaintiff had not alleged facts linking Defendant Allen specifically to the allegations in the body of the complaint. Plaintiff was directed to correct this pleading deficiency as to Defendant Allen in an amendment to the complaint.

Thereafter, Plaintiff filed an amendment to the complaint. In his amendment, Plaintiff again sets forth his allegations relating to the illegal search and seizure on October 21, 2005. He then alleges that Defendant Allen was present and participated in the allegedly illegal search and seizure. Read liberally, the allegations in Plaintiff's amendment state a cognizable Fourth Amendment claim of an illegal search and seizure against Defendant Allen. Therefore, this claim may proceed against Defendant Allen, who shall abide by the briefing schedule outlined below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Fourth Amendment claim of an illegal search and seizure against Defendants Allen.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, amendment to the complaint, and all attachments thereto (docket nos. 1, 11) and a copy of this Order to **Contra Costa Sheriff's Deputy Tim Allen**. The Clerk of the Court shall also mail copies of the amendment to the complaint and this Order to Defendant Hall's Attorney, Monika L. Cooper, Supervising Deputy County Counsel at the Contra Costa County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendant Allen is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant Allen, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant Allen had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant Allen will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant Allen is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant Allen has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. Defendant Allen shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendant

2

Allen shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant Allen is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant Allen no later than **sixty (60) days** after the date on which Defendant Allen's motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant Allen's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his

3

complaint.

        c.      Defendant Allen shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

        d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant Allen to depose Plaintiff and any other necessary witnesses confined in prison.

6.      All communications by Plaintiff with the Court must be served on Defendant Allen, or Defendant Allen's counsel once counsel has been designated, by mailing a true copy of the document to Defendant Allen or his counsel.

7.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

8.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 2/28/12

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.11\Dean1098.HALL-Service.wpd      4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RICHARD ONEAL DEAN,

        Plaintiff,

v.

CONTRA COSTA COUNTY SUPERIOR COURT et al,

        Defendant.
        /

Case Number: CV11-01098 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 29, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Oneal Dean AD5548
California State Prison - San Quentin
San Quentin, CA 94974

Dated: February 29, 2012

                                    Richard W. Wieking, Clerk
                                    By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Dean1098.HALL-Service.wpd         5