IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD O'NEAL DEAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICER DAVID HALL, et al.,<br><br>　　　　Defendants. | No. C 11-1098 SBA (PR)<br><br>**ORDER PROVIDING *RAND* SUMMARY JUDGMENT NOTICE; AND SETTING NEW BRIEFING SCHEDULE RELATING TO PENDING MOTION FOR SUMMARY JUDGMENT** |

　　　　Plaintiff has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis has been granted.

　　　　In its Orders dated May 24, 2011 and February 28, 2012, the Court found that Plaintiff has stated a cognizable Fourth Amendment claim of an illegal search and seizure against Defendants Contra Costa Sheriff's Deputies D. Hall and T. Allen. Thereafter, Defendants filed a motion for summary judgment. Plaintiff has filed his opposition to the motion, and Defendants have filed their reply to the opposition.

　　　　In its Order of Service, the Court, in accordance with the holding of Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998), explained to Plaintiff what he must do in order to oppose a motion for summary judgment. A recent decision from the Ninth Circuit, however, requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed. Woods v. Carey, 684 F.3d 934, 935, 940-41 (9th Cir. 2012). Accordingly, the Court now provides the following notice to Plaintiff for his information in connection with Defendants' pending motion for summary judgment:

>　　　　The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
>　　　　Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly

> supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

Rand, 154 F.3d at 962-63.

As mentioned above, Plaintiff has already filed an opposition to Defendants' motion for summary judgment. In order to allow Plaintiff an opportunity to properly oppose the pending motion for summary judgment taking into account this Rand summary judgment notice, the Court now directs the parties to abide by the new briefing schedule on Defendants' motion for summary judgment outlined below.

## **CONCLUSION**

For the foregoing reasons, Plaintiff is now being given the opportunity to properly oppose the pending motion for summary judgment taking into account this Rand summary judgment notice. Thus, the Court now sets the following briefing schedule on Defendants' motion for summary judgment: No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must file and serve a supplemental opposition since he has already filed an opposition. No later than **fourteen (14) days** from the date the supplemental opposition is filed, Defendants shall file and serve their supplemental reply. **No further extensions of time will be granted in this case absent exigent circumstances.**

IT IS SO ORDERED.

DATED: 9/21/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RICHARD ONEAL DEAN,

        Plaintiff,

  v.

CONTRA COSTA COUNTY SUPERIOR COURT et al,

        Defendant.

Case Number: CV11-01098 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Oneal Dean
2262 Concord Dr.
Pittsburg, CA 94565

Dated: September 24, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Dean1098.RANDnotice.wpd      3