UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RICHARD O'NEAL DEAN,<br><br>       Plaintiff,<br><br>    vs.<br><br>OFFICER DAVID HALL, et al.,<br><br>       Defendants. | Case No: C 11-1098 SBA (pr)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. 16 |

    Richard O'Neal Dean, a state prisoner, commenced the instant pro se civil rights action against Contra Costa County Sheriff's Deputies David Hall and Tim Allen, pursuant to 42. U.S.C. § 1983. He alleges that his Fourth Amendment rights were violated when Defendants allegedly searched his vehicle without his consent. The Court granted Plaintiff's request to proceed in forma pauperis and set a briefing schedule directing Defendants to file a dispositive motion. Dkt. 21.

    On December 6, 2011, Plaintiff filed a Motion for Summary Judgment. Dkt. 16.[1] Under Federal Rule of Civil Procedure 56, a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as

---

[1] Plaintiff filed his motion before Defendants were served. Therefore, the Court has not received any response from Defendants to the instant motion.

1  to any material fact and the movant is entitled to judgment as a matter of law." Id.; see
2  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The movant bears the
3  initial burden of demonstrating the basis for the motion and identifying the portions of the
4  pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that
5  establish the absence of a triable issue of material fact.  Celotex Corp. v. Catrett, 477 U.S.
6  317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of
7  materials in the record").  If the moving party meets this initial burden, the burden then
8  shifts to the non-moving party to present specific facts showing that there is a genuine issue
9  for trial.  See Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
10 475 U.S. 574, 586-87 (1986).

11      In his motion for summary judgment, Plaintiff purports to recount his version of
12 events and contends Defendants violated his constitutional rights.  Plaintiff offers no
13 evidence to support his motion, however.  Rather, Plaintiff simply has attached a copy of
14 the table of contents to what appears to be an appellate brief ostensibly filed in his state
15 court appeal.  It is axiomatic that the proffered photocopy is not evidence sufficient to
16 sustain a motion for summary judgment.  Plaintiff's passing reference to "closing
17 arguments" is likewise insufficient.  In sum, the Court finds that Plaintiff has failed to carry
18 his intial burden on summary judgment.  Accordingly,

19      IT IS HEREBY ORDERED THAT Plaintiff's Motion for Summary Judgment is
20 DENIED.  This Order terminates Docket 16.

21      IT IS SO ORDERED.
22 Dated:  September 28, 2012                    _Saundra B. Armstrong_
23                                                SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge